RECEIVED
IN MONROE, LA
AUG 15 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROBERT FENCEROY AND MAE FENCEROY | CIVIL ACTION NO. 05-0480 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MOREHOUSE PARISH SCHOOL BOARD | MAG. JUDGE JAMES D. KIRK |

## RULING

This is a civil rights action by Robert and Mae Fenceroy, on behalf of their minor son, against Defendant Morehouse Parish School Board ("the School Board"). Plaintiffs seek an injunction preventing the School Board from enforcing a portion of its student dress code policy ("dress code") which prohibits male students from wearing their hair in braids.

The School Board has filed a Motion to Dismiss [Doc. No. 7] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs have a filed a Memorandum in Opposition to the Motion to Dismiss.

For the following reasons, the School Board's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

### I. Complaint Allegations and Background

Plaintiffs reside in Morehouse Parish, Louisiana. Complaint, ¶ 1. They are the parents of Oscar James Fenceroy ("Oscar"), a student in the Morehouse Parish school system. Complaint, ¶¶ 1-2. Oscar wore his hair in braids while attending elementary school in Morehouse Parish. Complaint, ¶ 3.

Upon enrollment in the junior high school, Oscar was required to remove his braids or be denied admission, even though the dress code for students did not prohibit the wearing of braids at that time. Complaint, ¶ 6.

In 2004, the School Board revised its dress code. Complaint, ¶ 4; *see also* Doc. #10, August 3, 2004 School Board Student Dress Code Policy. In pertinent part, section 7 of the dress code provides as follows:

> Boys and girls must wear their hair in a standard, acceptable style. Hair in rollers or curlers, excessive teasing, beehives, hair in the face or any other style that is detrimental to the student's performance of the normal school activities is prohibited. **Male students shall not wear braids in their hair** nor shall any student wear spiked hair or any other hair style which is distracting to other students in the performance of school learning activities. Naturals will be acceptable if neat.

(emphasis added). Female students are not prohibited from wearing braids.

A different version of this dress code was distributed to the Morehouse Junior High School for the 2004-2005 school year. Doc. #10, Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Memorandum"), p. 3. Male students were instructed as follows:

> Hair must be neat, well groomed, and clean at all times. Designs cut into the hair are NOT allowed. Males students MAY NOT wear cornrows, plaits or braids. Extreme hair styles including "spikes" are not acceptable.

Plaintiffs' Memorandum, p. 3-4; *see also* Complaint, ¶ 4.

Plaintiffs contend that the dress code has a disparate impact on Black males and is a violation of their son's rights of Free Exercise and Free Speech and his rights under the Equal Protection Clause. They further contend that the dress code violates their parental rights.

II. **Law and Analysis**

  A. **Motions to Dismiss**

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court

must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The Court's "inquiry [is limited] to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

The Court has considered both the allegations in Plaintiffs' Complaint and the dress code attached to the School Board's Motion to Dismiss. Although Plaintiffs did not attach a copy of the dress code to their Complaint, they incorporated it by reference, and it is central to the Court's resolution of their case. *See Bailey v. CIGNA Ins. Co.*, 03-30661, 2004 WL 206295 at *1 (5th Cir. Feb. 3, 2004) (District Court did not err in considering documents attached to the defendants' motion to dismiss when those documents "were referred to by the Baileys in their complaint, and were central to the Baileys's claim.").

**B.     Analysis**

Plaintiffs contend that the School Board's dress code does not further "an important or substantial school interest," and that the dress code is arbitrary, overbroad, and "not all inclusive." Plaintiffs' Memorandum, pp. 4-6.

The School Board has cited this Court to Fifth Circuit precedent which appears to indicate that Plaintiffs have no cause of action based on the allegations in their Complaint. In *Karr v. Schmidt*, 460 F.2d 609 (5th Cir. 1972), the Fifth Circuit considered the issue of whether a policy governing the length of male students' hair was cognizable. The Fifth Circuit held that there is no constitutional right "to wear one's hair in a public high school in the length and style that suits the wearer." *Id.* at 613.

In reaching its holding, the Fifth Circuit specifically examined and rejected whether a cause

3

of action exists under the First Amendment, the Equal Protection Clause, or was otherwise a "substantive constitutional right." *Id.* at 613-16.

However, as discussed below, only part of the *Karr* analysis remains valid.

### 1. First Amendment Claims

First, the *Karr* Court addressed the plaintiff's First Amendment claims. The Fifth Circuit expressed doubt as to whether a hair style could ever have "sufficient communicative content to entitle it to the protection of the First Amendment," and determined that it would be "inappropriate that the protection of the First Amendment be extended to the wearing of [in that case] long hair." *Id.* at 614 (citing *Tinker v. Des Moines Indep. Community Sch. Dist.*, 393 U.S. 503, 509 (1969)).

In a more recent decision, *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437 (5th Cir. 2001), the Fifth Circuit re-examined its ruling in *Karr*. In that case, parents challenged a school board's mandatory uniform policy. The Fifth Circuit disagreed with the district court that clothing and hair style were "essentially the same for purposes of constitutional protection," explaining that "choice of attire . . . may be endowed with sufficient levels of intentional expression to elicit First Amendment shelter." *Id.* at 440. Thus, the Fifth Circuit implicitly affirmed *Karr* and again rejected the notion that hair style is entitled to First Amendment protection without at least some proof of communicative intent. *Id.* at 440, 440 n.1.

In this case, Plaintiffs have asserted that their son is being denied the right to wear a hairstyle of his choice, one that is particularly favored by Black males. The Court finds that such allegations fail to state a First Amendment claim as a matter of law, and their Free Speech and Free Exercise claims are DISMISSED WITH PREJUDICE.

## 2. Equal Protection Claims

Plaintiffs also assert that their son has been denied Equal Protection in two ways: (1) because the dress code has a disparate impact on Black males and (2) because males, but not females, are prohibited from wearing their hair in braids.

With regard to the disparate impact claim, Plaintiffs have failed to state a claim under the Equal Protection Clause. "[D]isparate impact alone cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection grounds by whomever it has negatively impacted." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (citing *Washington v. Davis*, 426 U.S. 229, 246-250 (1976)). "Thus, a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury." *Id.* (citing *McCleskey v. Kemp*, 481 U.S. 279, 292-293 (1987)). Plaintiffs allege no purposeful discrimination, only that the dress code "adversely affects Black males" and that it "discriminates against their son." Therefore, their disparate impact claim is DISMISSED WITH PREJUDICE.

However, with regard to their gender discrimination claim, the Court finds that Plaintiffs have stated a claim as a matter of law.

The School Board again cites the Court to *Karr*, and at first blush, that case would seem to foreclose any successful Equal Protection claim. The *Karr* Court stated that a rational basis standard of review applies to grooming regulations and determined that it was "evident from the record that the school authorities [sought] only to accomplish legitimate objectives in promulgating the hair regulation in question." *Id.* at 616-17. The Fifth Circuit then instructed as follows:

> [W]e think it proper to announce a per se rule that such [hair and grooming] regulations are constitutionally valid. Henceforth, district courts need not hold an

evidentiary hearing in cases of this nature. Where a complaint merely alleges the constitutional invalidity of a high school hair and grooming regulation, the district courts are directed to grant an immediate motion to dismiss for failure to state a claim for which relief can be granted.

*Id.* at 617-18; *see also Murray v. West Baton Rouge Par. Sch. Bd.*, 472 F.2d 438, 443 (5th Cir. 1973) ("This court has clearly and finally held that we will not interfere with high school regulations involving dress, hair, and similar matters."). The Fifth Circuit expressed only one qualification: that grooming policies cannot be "wholly arbitrary," such as requiring all male students to shave their heads. 460 F.2d at 618 n. 26.

In this case, Plaintiffs' Complaint states that the dress code "violates their son's constitutional rights under the equal protection clause, since there is no such provision for females students." Complaint, ¶ 7. They argue that the dress code is arbitrary because there is no reason for the gender distinction.

Since 1976, the Supreme Court has recognized that classifications based on "quai-suspect" classes, including gender, are subjected to a heightened standard of review. *See Craig v. Boren*, 429 U.S. 190, 197-199 (1976). Such classifications must "serv[e] important governmental objectives," and "the discriminatory means employed [must be] substantially related to the achievement of those objectives." *United States v. Virginia*, 518 U.S. 515, 533 (1996). Given the allegations in this case, the question is not whether the School Board had a rational basis for the hair style restrictions in the dress code, but whether there is an important and substantial reason girls are permitted to wear their hair in braids, but boys are not. Because review of a motion to dismiss is confined to the pleadings, the School Board has provided no

6

reason for its dress code, and, even if it had, the Court could not inquire into the soundness of that reason.

The Court is cognizant of the Fifth Circuit's admonition in *Canady*: "While maintenance of order and promotion of acceptable standards of classroom conduct are synonymous with ensuring an adequate education system, school officials are not given free reign to abridge students' constitutional rights." 240 F.3d at 438 (citing *Tinker*, 393 U.S. at 511-14). Accordingly, as to Plaintiffs' gender discrimination claim under the Equal Protection Clause, the School Board's Motion to Dismiss is DENIED.

### 3. "Parental Rights" Claim

Plaintiffs have stated no basis to support a "parental rights" cause of action. Accordingly, this claim is also DISMISSED WITH PREJUDICE.

## III. Conclusion

For the foregoing reasons, the School Board's Motion to Dismiss [Doc. No. 7] is GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss is GRANTED as to Plaintiffs' First Amendment and "parental rights" claims, and these claims are DISMISSED WITH PREJUDICE. The Motion to Dismiss is also GRANTED as to Plaintiffs' Equal Protection claim based on race, and this claim is also DISMISSED WITH PREJUDICE. However, the Motion to Dismiss is DENIED as to Plaintiff's Equal Protection claim based on gender, and Plaintiffs may proceed with this claim.

Monroe, Louisiana, this 15 day of August, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE